UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISA EARL, et al., | CASE NO. C17-5315 BHS |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION TO REOPEN DISCOVERY |
| v. | |
| SCOTT CAMPBELL, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiffs Lisa Earl, I.B., K.S., K.W., O.B., and the Estate of Jacqueline Salyers's ("Plaintiffs") motion to reopen discovery. Dkt. 48. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On April 28, 2017, Plaintiffs filed a complaint against Defendants Scott Campbell ("Campbell") and the City of Tacoma (collectively "Defendants") asserting claims based on Campbell's deadly shooting of Jacqueline Salyers. Dkt. 1.

On August 9, 2017, the Court issued a scheduling order setting the discovery deadline as July 2, 2018, and trial for October 30, 2018. Dkt. 13.

On September 13, 2018, Plaintiffs filed the instant motion to reopen discovery and to strike the remaining deadlines and trial date. Dkt. 48. After a response from Defendants, the Court struck the remaining deadlines and trial date. Dkt. 67. On September 25, 2018, Defendants responded to Plaintiffs' request to reopen discovery. Dkt. 64. On September 29, 2018, Plaintiffs replied. Dkt. 69.

## II. DISCUSSION

The Court may modify a scheduling order where there is "good cause." Fed. R. Civ. P. 16(b)(4). In determining whether a motion to reopen discovery satisfies this "good cause" requirement, a court should consider the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), *vacated*, 520 U.S. 939 (1997) (citing *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)).

In this case, two of the four factors are relevant to the instant motion. First, Defendants argue that Plaintiffs "had ample opportunity to conduct discovery in this matter and their failure to take certain depositions during the discovery period is not good cause to reopen discovery." Dkt. 64 at 1. Plaintiffs counter that "[w]hen there is no reason to investigate certain facts, the failure to investigate does not constitute a lack of diligence." Dkt. 69 at 3 (citing *2910 Georgia Ave. LLC v. District of Columbia*, 312 F.R.D. 205, 209–11 (D.D.C. 2015)). The Court agrees with Plaintiffs because

Defendants' discovery responses were, at the very least, confusing. Defendants stated that only two people had administrative access to the video camera, and, since neither of those people could have accessed the camera to potentially delete footage of the shooting, Plaintiffs did not investigate the issue further. *See* Dkt. 69 at 3–4. Plaintiffs assert that, after discovery closed, they learned that one of the individuals with administrative access gave the password to another officer the night of the shooting, which gave Plaintiffs reason to investigate the issue further. *Id.* The Court finds that Plaintiffs' assertions are plausible and undermine any argument relating to a lack of diligence. Thus, this factor weighs in favor of reopening discovery.

Second, the Court should consider the likelihood that the discovery will lead to relevant evidence. Defendants argue that Plaintiffs "have not articulated why the additional discovery they seek would change the court's analysis on the pending motion for summary judgment." Dkt. 64 at 6. The Court agrees to the extent that Plaintiffs have failed to address the issue of relevance. The Court, however, disagrees that this failure warrants denial of Plaintiffs' motion because the Court "has the inherent authority to impose sanctions based on a party's failure to preserve relevant evidence." *U.S. ex rel. Berglund v. Boeing Co.*, 835 F. Supp. 2d 1020, 1049 (D. Or. 2011). "A wide range of sanctions is available because spoliation encompasses a wide range of behaviors." *Leon v. IDX Sys. Corp.*, C03-1158MJP, 2004 WL 5571412, at *5 (W.D. Wash. Sept. 30, 2004), *aff'd*, 464 F.3d 951 (9th Cir. 2006) (citing *Henderson v. Tyrell*, 80 Wn. App. 592, 605 (1996)). "The Court may exclude certain evidence at trial, direct that an adverse inference instruction against the spoliator be given to the jury, fine or demand monetary

sanctions from the spoliator, or dismiss a complaint or enter a default judgment against the spoliator." *Id.* It is undisputed that a video of the shooting would be relevant no matter what the video showed. In turn, the destruction of that evidence could possibly result in a wide range of sanctions, including the entry of default judgment. Under these authorities, the Court finds additional discovery could uncover not only relevant evidence, but also evidence that could possibly support a finding of spoliation. Therefore, the Court concludes that this factor weighs in favor of reopening discovery, and the Court grants Plaintiffs' motion.

The final issue is scheduling. Plaintiffs request 90 days of additional discovery, but the Court finds that five weeks should be sufficient. Thus, the Court sets a discovery deadline of November 9, 2018. A supplemental response to Defendants' motion for summary judgment may be filed no later than November 23, 2018. Defendants may file a supplemental reply no later than November 30, 2018, and the Clerk shall renote all of the pending motions for consideration on the Court's November 30, 2018 calendar.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion to reopen discovery, Dkt. 48, is **GRANTED** as set forth herein.

Dated this 4th day of October, 2018.

BENJAMIN H. SETTLE
United States District Judge